## BURTON'S LESSEE v. WILLIAM PRETTYMAN.

Supreme Court.  Sussex.  March 13, 1797.

*Wilson's Red Book, 177.*[*]

*Wilson.*  Where inferior court sends a transcript they are as much superseded by error as where the record is sent.  Common Bench sends the roll and enters a *mittimus,* 5 Com.Dig. 711, 2 Str. 837.  King's Bench sends a transcript to the Exchequer Chamber, Doug. 352, and the Chief Justice leaves one in Parliament, yet by statute, 27 Eliz. c. 8, the record must be remanded for execution. Cro.Jac. 206.  So a *mittimus* must be entered when a record is sent from King's Bench to Ireland, Cowp. 843.  After allowance of writ of error and notice, except where bail is necessary, execu-- tion cannot issue, 2 Cromp. 331, 333.  If record is not transcribed, defendant in error must *non prosequitur* the writ or obtain a *de*

---

[*] For earlier litigation, see above *Wilson's Red Book, 58.*

*executione judicii* before he can proceed. If record is returned, he can obtain a *non prosequitur* or award of execution on two *scire facias quare executionem non,* but in all these cases [the] superior court directs the inferior to proceed. 2 Cromp. 337, 338, 335, 3 Salk. 146, 1 Str. 417, 5 Com.Dig. 715. But if execution could issue it ought to have been with the leave of the court, and the want of this leave is such an irregularity that it must be set aside, Barnes 201, 194 Salk. 264.

*Miller.* The rules of the Court of Appeals are to be regarded by the Court, being supported by the Constitution, Art. VI, s. 12, and [Art.] VII, s. 29, and 4 Body Laws 98, 99.[1]

PER CURIAM. Confine yourself to the question whether an order of the High Court of Errors etc. was not necessary to authorize the issuing of the execution from this Court, for we have knowledge of the rule of the Court of Appeals.

*Peery* then argued the necessity of such certificate.

*Bayard.* The case of bail is the only one like this, and there a certificate of no bail is not necessary. Barnes 212.

*Wilson.* The reason a certificate is not necessary in that case is that each of the statutes require bail to be put in, in the court below; here the information comes from the superior court.

READ, C. J. This Court is bound by the rule of the Court of Appeals. Our rules ought not in many instances to be like those over the water. The writ of error is no *supersedeas* unless the proceedings were properly had. No notice from the superior court as such was necessary. The *praecipe* of the attorney would not have been sufficient to us for the awarding execution, but the party has issued it at his peril, and our officer at a risk; but as it appears to be right, we think the execution ought not to be set aside. Barnes 212 is somewhat similar, for although bail is put in below, yet it is not by the same officer who issues execution. There ought perhaps to have been a certificate. Plaintiff in error ought to have applied for relief to the court above.

---

[1] This refers to the volume of laws enacted at the May Call Session of 1793. The statute is in 2 Del.Laws 1090.